Exhibit "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-60438-CIV-SINGHAL

GUCCI AMERICA, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION
## AS TO DEFENDANT NUMBER 1

**THIS CAUSE** is before the Court on the Parties Joint Motion for Entry of Consent Final Judgment and Permanent Injunction as to Defendant Number 1 (DE [50]). The Court has carefully considered the motion, the record, and is otherwise fully advised in the premises.

Plaintiff, Gucci America, Inc. ("Plaintiff"), and Defendant atsando.com ("Defendant Number 1") stipulate and consent to the following:

**WHEREAS**, Defendant Number 1 allegedly adopted and began using trademarks in the United States that infringe Plaintiff's various registered trademarks identified in Paragraph 14 of Plaintiff's Amended Complaint (DE [31]), (the "Gucci Marks");

**WHEREAS,** Defendant Number 1's alleged use of names and marks which incorporate one or more of the Gucci Marks is likely to cause confusion as to source or origin;

**WHEREAS**, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Plaintiff's good faith prior use of the Gucci Marks, Plaintiff has superior and exclusive rights in and to the Gucci Marks in the United States and any confusingly similar names or marks. Accordingly, it is hereby

**ORDERED, AND ADJUDGED** as follows:

1. The Parties Joint Motion, (DE [50]), is **GRANTED**.

2. Final Judgment is entered in favor of Plaintiff and against Defendant Number 1.

3. Defendant Number 1 and its respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using the Gucci Marks;

    b. using the Gucci Marks in connection with the sale of any unauthorized goods;

    c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant Number 1 as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

    d. falsely representing themselves as being connected with Plaintiff through sponsorship or association;

    e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or

        services of the Defendant Number 1 are in any way endorsed by, approved by, and/or associated with Plaintiff;

    f.    using any reproduction, counterfeit, copy, or colorable imitation of the Gucci Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant Number 1;

    g.    affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant Number 1 as being those of Plaintiff, or in any way endorsed by Plaintiff;

    h.    offering such goods in commerce and from otherwise unfairly competing with Plaintiff;

    i.    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Gucci Marks; and

    j.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

4. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant Number 1 to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

5. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

6. Each party shall bear its own attorney's fees and costs.

7. This Court will retain continuing jurisdiction over this cause to enforce the terms of this permanent injunction.

8. PayPal, Inc. ("PayPal") and its related companies and affiliates, shall (1) disburse the funds of Defendant Number 1 restrained pursuant to the Sealed Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order, dated May 19, 2023 (DE [12]) (the "TRO"), as directed by Plaintiff's counsel; (2) upon transfer of the funds to Plaintiff as required herein, PayPal shall remove any restraints that were placed on the Defendant Number 1's PayPal accounts pursuant to the TRO; and (3) return Defendant Number 1's accounts back to an unrestrained status in accordance with PayPal's operating procedures and contract for services with Defendant Number 1.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this ____ day of _____ 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF